DAVID S. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 13809-91
United States Tax Court
T.C. Memo 1993-349; 1993 Tax Ct. Memo LEXIS 356; 66 T.C.M. (CCH) 329; August 11, 1993, Filed *356 Decision will be entered under Rule 155. David S. Phillips, pro se. For respondent: Ruud L. DuVall and Kristine A. Roth. RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in Federal income tax against petitioner for taxable year 1986 in the amount of $ 3,733. The Commissioner also determined for that tax year that petitioner owed interest of $ 2,271 and additions to tax under section 6651(a)(1) [1] in the amount of $ 933, section 6653(a)(1)(A) in the amount of $ 187, section 6653(a)(1)(B) in the amount of 50 percent of the interest on $ 3,733, and section 6654 in the amount of $ 108. At issue is whether this Court is without jurisdiction to determine an overpayment by petitioner for 1986 by reason of section 6512 in conjunction with section 6511. The case was submitted fully *357 stipulated. Petitioner resided in Richmond, Virginia, at the time he filed his petition herein. During 1986, Federal income tax in the amount of $ 5,964 was paid through withholding. However, petitioner did not file his 1986 return until October 15, 1990. On March 29, 1991, the Commissioner mailed to petitioner a statutory notice of deficiency for 1986, in which it was determined that there was an underpayment in the amount of $ 3,733 and in which petitioner was charged with additions to tax and interest totaling $ 1,228 and $ 2,271, respectively. In a subsequent settlement agreement, however, the parties agreed that petitioner's tax liability for 1986 was only $ 4,546, which was less than the amount withheld, $ 5,964. The Commissioner thus conceded that petitioner did not have an income tax deficiency for 1986 and that petitioner is not liable for interest or any additions to tax. The parties have agreed that the sole issue remaining for decision concerns petitioner's right to a determination of overpayment and refund of $ 1,418, the amount by which petitioner's 1986 withholdings exceeded his liability for that year. We hold that this Court does not have jurisdiction to determine *358 an overpayment here, because the taxes at issue were not paid within any of the time periods specified in section 6512(b)(3), upon which jurisdiction depends. The authority of this Court to determine the amount of overpayment of Federal income tax and thus the amount to be refunded to the taxpayer is derived from section 6512. Such authority arises when a notice of deficiency is mailed to the taxpayer and the taxpayer files a petition with the Tax Court within the time permitted in section 6213(a) (generally 90 days of the date specified in the notice). Sec. 6512(a). If, under such circumstances, "the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * the Tax Court shall have jurisdiction to determine the amount of such overpayment". Sec. 6512(b)(1). But that grant of jurisdiction is limited by an immediately preceding introductory clause reading "Except as provided by paragraph (3)". And that limitation in section 6512(b)(3) states "No such credit or refund shall be * * * made of any portion of the tax unless the Tax Court determines * * * that such portion [of the tax] was *359 paid" within one of three time periods designated in subparagraphs (A), (B), and (C) as follows: (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, In the instant case, petitioner paid the taxes at issue through withholding during 1986. Those taxes were, however, deemed paid for purposes of sections 6511 and 6512 on April 15, 1987, pursuant to section 6513(b)(1). [2] And pursuant to regulations, petitioner's return, filed October 15, 1990, served as a claim for refund. Sec. 301.6402-3(a)(1) and (a)(5), Proced. & Admin. Regs. [3] It is, therefore, clear that subparagraphs (A) and (B) of section 6512(b)(3) *360 do not apply to petitioner's refund claim. Subparagraph (A) clearly does not apply, because petitioner paid the taxes for which he seeks the refund before rather than after the mailing of the Commissioner's deficiency notice on March 29, 1991. Subparagraph (B) also does not apply, because petitioner had already filed an actual claim for refund prior to the mailing of the deficiency notice. [4] Thus, in order for petitioner to obtain a determination of overpayment from this Court, petitioner's refund claim must satisfy the conditions of subparagraph (C) of section 6512(b)(3), which is applicable "in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date". As to such claims, this Court has authority under subparagraph (C) to determine the amount of overpayment with respect to any taxes paid "within the period which would be applicable under section 6511(b)(2), (c), or (d)". *361 *362 Here, the claim for refund was clearly filed within the applicable limitations period specified in section 6511, since it was filed on the same day that petitioner filed his tax return. Sec. 6511(a). [5] In addition, petitioner's refund claim was filed before the mailing of the notice of deficiency on March 29, 1991, since it was filed simultaneously with the filing of his tax return on October 15, 1990. And nothing in the record before us indicates that the claim had ever been disallowed prior to the mailing of the Commissioner's deficiency notice. Accordingly, the applicability of section 6512(b)(3)(C) depends upon whether the taxes here in dispute were paid "within the period which would be applicable under section 6511(b)(2), (c), or (d)". Sec. 6512(b)(3)(C). We, therefore, turn to each of those provisions in section 6511 in order to determine whether the requirements of section 6512(b)(3)(C) have been met. *363 Preliminarily, we note that neither subsection (c) nor (d) of section 6511 is applicable to petitioner's refund claim. Both of those subsections contain special rules applicable to circumstances not present here. [6] In order to be entitled to a determination of overpayment and refund from this Court, petitioner must therefore have paid the taxes here at issue within the time specified in paragraph (b)(2) of section 6511. That paragraph provides three mutually exclusive limitations on the amount of tax refund based on the time, if any, that the claim for refund was filed. If the refund claim was filed within 3 years of the filing of the taxpayer's tax return, then the amount of refund is limited to the portion of the tax paid within 3 years prior to the filing of the refund claim, as increased by the period of any extension of time for filing the return. Sec. 6511(b)(2)(A). If the refund claim was filed, but not within 3 years of filing the tax return, then the amount of refund is limited to the portion of tax paid within 2 years prior to the filing of the claim. Sec. 6511(b)(2)(B). Finally, if no refund claim was filed, then the amount of refund is limited to "the amount which *364 would be allowable under subparagraph (A) or (B) [of section 6511(b)(2)], as the case may be, if [the] claim was filed on the date the * * * refund is allowed." Sec. 6511(b)(2)(C). Here, as already noted, petitioner filed his claim for refund when he filed his tax return on October 15, 1990. Petitioner's claim was thus made well "within 3 years from the time the return was filed", section 6511(a), since it was made simultaneously therewith. It is, therefore, clear that the refund sought by petitioner is limited to the portion of the taxes paid within the 3-year period immediately preceding the filing of petitioner's refund claim, plus the period of any extension of time for filing *365 the return. Sec. 6511(b)(2)(A). In this case, however, since there is no evidence whatsoever that petitioner obtained an extension of time for filing his return, the applicable 3-year period is not increased by "the period of any extension of time for filing the return", section 6511(b)(2)(A); and thus petitioner's refund is strictly limited to any taxes paid within 3 years immediately preceding the filing of his claim for refund. As already indicated, since the Federal income taxes that are the subject of this dispute were withheld from petitioner's income during 1986, they are treated for this purpose as having been paid on April 15, 1987. Sec. 6513(b)(1). However, even after taking into account the April 15, 1987, deemed payment date, none of the taxes here at issue were paid within 3 years of petitioner's refund claim on October 15, 1990. Such taxes were, therefore, not paid within the applicable time period under section 6511(b)(2). And as previously noted, the taxes were also not paid within any of the other times required by section 6512(b)(3). Accordingly, since none of the taxes underlying petitioner's claim were paid within any of the times required by section 6512(b)(3), *366 we hold that petitioner is not entitled to a determination from this Court that he has an overpayment that can be credited or refunded. The principles applied herein are similar to those which served as the basis for the decision in a very recent case involving the same taxpayer, , as well as in numerous other decisions of this Court, e.g., ; ; ; ; . To take into account certain concessions and agreements between the parties, Decision will be entered under Rule 155. Footnotes
1. Except as otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6513(b)(1) provides in pertinent part as follows: (b) PREPAID INCOME TAX. -- For purposes of section 6511 or 6512 -- (1) Any tax actually deducted and withheld at the source during any calendar year * * * shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.↩
3. The pertinent portions of sec. 301.6402-3(a)(5), Proced. & Admin. Regs., read as follows: A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return). For purposes of section 6511, such claim shall be considered as filed on the date on which such return (or amended return) is considered as filed, * * *.↩
4. Sec. 6512(b)(3)(B) has been interpreted as creating, for purposes of secs. 6511 and 6512, a deemed filing of a hypothetical refund claim on the date the notice of deficiency is mailed where no refund claim has in fact been made by the taxpayer prior to the mailing of the deficiency notice. ; . Since a refund claim was in fact made when petitioner filed his tax return, i.e., prior to the mailing of the Commissioner's deficiency notice, sec. 6512(b)(3)(B) has no application to petitioner's claim.↩
5. Sec. 6511(a) provides in pertinent part as follows: "Claim for credit or refund of an overpayment * * * shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later". Since a refund claim filed simultaneously with petitioner's return is obviously within 3 years of the filing of the return, petitioner's claim was clearly made within the period specified in sec. 6511(a).↩
6. Sec. 6511(c) contains special rules that apply in cases where the parties have agreed to extend the period for assessment of tax. Sec. 6511(d) contains a series of special rules applicable to claims based on deductions for bad debts or worthless securities, carrybacks of net operating losses, or capital losses, foreign tax credit, etc.↩